UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HENRY NUNCIO FALCONE | CIVIL ACTION |
| VERSUS | CASE NO. 21-233 |
| ANCO INSULATIONS, INC. et al | SECTION: "G"(5) |

## ORDER AND REASONS

In this litigation, Plaintiff Henry Nuncio Falcone ("Plaintiff") alleges that he suffered exposure to injurious levels of asbestos and asbestos-containing products designed, manufactured, sold and/or supplied by several defendant companies.[1] Plaintiff claims he was exposed to asbestos both through his father, who was employed by Defendant Pipeline Services, Inc., and through his own "work[] in asbestos-rich environments" while employed by Defendant Pharos Marine Automatic Power, Inc. ("Pharos").[2] Pending before the Court is Defendant Lamorak Insurance Company's ("Lamorak") "Motion to Enforce Stay and Notice of Liquidation and Statutory Stay."[3] Considering the motion, the memoranda in support, the record, and the applicable law, the Court stays and administratively closes the instant action and sets a status conference for September 28, 2021.

## I. Background

Plaintiff filed a "Petition for Damages" (the "Petition") in the Civil District Court for the

---

[1] Rec. Doc. 1-2 at 7.

[2] *Id.* at 7–8.

[3] Rec. Doc. 109.

1

Parish of Orleans, State of Louisiana, on November 25, 2020.[4] Defendants Exxon Mobil Corporation, ExxonMobil Oil Corporation, and XH, LLC removed the case to this Court on February 4, 2021, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[5] Plaintiff alleges that he was exposed to asbestos "from a number of different sources throughout his life."[6] According to Plaintiff, he was exposed to asbestos "thru (sic) his father . . . [who] was employed as an oil field insulator and crane operator with Pipeline Services."[7] Additionally, Plaintiff asserts that he worked for Pharos "for approximately 40 years," during which he regularly "worked in asbestos-rich environments."[8] Plaintiff contends that during his employment he "was frequently and regularly exposed to" asbestos and asbestos-containing products in various locations and work sites, resulting in Plaintiff inhaling asbestos fibers and later developing diffuse malignant mesothelioma.[9] Plaintiff alleges that he was diagnosed with mesothelioma on or about May 27, 2020.[10] Plaintiff brings Louisiana state law negligence, manufacturer's liability, and strict liability tort claims against Defendant Huntington Ingalls Incorporated ("Avondale").[11] Plaintiff also brings claims against Lamorak as alleged insurers of Avondale executive officers pursuant to the Louisiana Direct Action Statute.[12]

---

[4] Rec. Doc. 1 at 4.

[5] *See* Rec. Doc. 1.

[6] Rec. Doc. 1-2 at 7.

[7] *Id.*

[8] *Id.* at 7–8.

[9] *Id.*

[10] *Id.* at 9.

[11] *Id.* at 7, 14, 20.

[12] *Id.* at 16–17. Plaintiff cites La. Rev. Stat. § 22:655, the previous citation for the Louisiana Direct Action

On June 3, 2021, Lamorak filed the instant "Motion to Enforce Stay and Notice of Liquidation and Statutory Stay."[13] Pursuant to Local Rule 7.5, any opposition to the motion was due eight days before the noticed submission date.[14] Plaintiff has not filed an opposition to the instant motion and therefore the motion is deemed unopposed. On June 17, 2021, Avondale filed a motion to join and adopt Lamorak's motion to stay proceedings, which this Court granted.[15]

## II. Lamorak's Arguments in Support of the Motion to Stay

Lamorak moves the Court to stay all proceedings in the instant matter due to Lamorak being declared insolvent and placed into liquidation by the Commonwealth Court of Pennsylvania on March 11, 2021.[16] Lamorak raises three arguments in support of this motion.

First, Lamorak asserts that it has been declared insolvent and placed into liquidation.[17] Specifically, Lamorak avers that Bedivere Insurance Company ("Bedivere"), a foreign insurance company that includes by merger Lamorak, was declared insolvent and placed into liquidation on March 11, 2021 by Judge Brobson in the Commonwealth Court of Pennsylvania.[18] Lamorak points to the Liquidation Order issued by the Commonwealth Court of Pennsylvania, which states:

> All above-enumerated actions currently pending against Bedivere in the courts of the Commonwealth of Pennsylvania or elsewhere are hereby stayed; relief sought in these actions shall be pursued by filing a proof of claim against the estate of

---

Statute prior to the 2011 amendment. *See* La. Rev. Stat. § 22:1269. Furthermore, Plaintiff's original petition refers to Lamorak as "OneBeacon America Insurance Company." *See* Rec. Doc. 1-8 at 25.

[13] Rec. Doc. 109.

[14] EDLA Local Rule 7.5.

[15] Rec. Docs. 115, 121.

[16] Rec. Doc. 109.

[17] Rec. Doc. 109-2 at 1.

[18] *Id.*

Bedivere pursuant to Section 538 of Article V, 40 P.S. § 221.38.[19]

Lamorak urges the Court enforce the permanent stay of claims against Lamorak instituted by the Commonwealth Court of Pennsylvania.[20]

Second, Lamorak argues that under Louisiana Revised Statute § 22:2068 ("La. R.S. 22:2068"), claims against Lamorak and any party Lamorak is obligated to defend are subject to an automatic statutory stay of claims.[21] Lamorak contends that it is an "insolvent insurer" under the terms of Louisiana Revised Statute § 22:2055(7), the Louisiana Insurance Guaranty Association Law.[22] Therefore, Lamorak asserts that the Louisiana Insurance Guaranty Association ("LIGA") "has all rights, duties and obligations of the insolvent insurer, herein Bedivere Insurance Company/Lamorak, as if the insurer had not become insolvent, including the obligation to defend the insured(s)."[23] Lamorak claims that as an insolvent insurer, La. R.S. 22:2068 mandates an automatic statutory six month stay of claims against Lamorak and any party it is obliged to defend, including defendants Eagle, Inc. ("Eagle") and McCarty Corporation ("McCarty").[24]

Third, and finally, Lamorak argues that this Court "has inherent authority to stay proceedings to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[25] Lamorak contends that a "stay of all proceedings is

---

[19] *Id.* at 2.

[20] *Id.*

[21] *Id.*

[22] *Id.* at 3.

[23] *Id.*

[24] *Id.* at 2–7.

[25] *Id.* at 7 (internal quotation marks omitted).

4

justified under the court's inherent authority."[26]

On June 17, 2021, Co-Defendant Avondale joined Lamorak's motion to stay.[27]  In support, Avondale asserts that staying these proceedings "will promote judicial economy in two ways."[28]  First, Avondale argues a stay will reduce the cost of discovery and prevent duplicating work "once LIGA substitutes itself into the case for Lamorak."[29]  Second, Avondale notes that, because of the "intertwined" nature of the claims against Avondale and Lamorak, a stay of the entire case would preserve judicial resources.[30]  Finally, Avondale notes that similar motions to stay by Lamorak have been granted by this Court.[31]

### III. Legal Standards

*A.*      ***Legal Standard for a Motion to Stay***

In *Landis v. North American Co.*, the Supreme Court recognized that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[32]  The Supreme Court noted that "how this can best be done calls for the exercise of judgment, which

---

[26] *Id.*

[27] Rec. Doc. 115-1.

[28] *Id.* at 2.

[29] *Id.* at 1–2.

[30] *Id.* at 2.

[31] *Id.* at 2–3 (citing *Gooding v. Liberty Mut. Ins. Co.*, No. 20-1133, 2021 WL 2002463 (E.D. La. May 19, 2021); *Cortez v. Lamorak Ins. Co.*, No. 20-2389, 2021 WL 2018073 (E.D. La. May 20, 2021); *Broussard v. Huntington Ingalls, Inc.*, No. 20-836, 2021 WL 2744583 (E.D. La. May 27, 2021); *Waguespack v. Avondale Indus.*, No. 20-1986 (E.D. La. May 26, 2021); *Hilburn v. McCarty Corp.*, No. 21-352 (E.D. La. May 26, 2021)).

[32] 299 U.S. 248, 254 (1936).

must weigh competing interests and maintain an even balance."[33] Therefore, a district court has "discretionary power to stay proceedings before it in the control of its docket and in the interests of justice."[34] Furthermore, a district court may exercise this discretionary power *sua sponte*.[35]

## IV. Analysis

Lamorak moves the Court to stay all proceedings in the instant matter due to Lamorak being declared insolvent and placed into liquidation by the Commonwealth Court of Pennsylvania on March 11, 2021.[36] Avondale joins in Lamorak's motion.[37] Plaintiff has filed no opposition to Lamorak's motion to stay.

Lamorak urges this Court to (1) enforce the permanent stay of claims against it initiated by the Commonwealth Court of Pennsylvania; (2) enforce the automatic statutory six-month stay of claims against it and any party it is obligated to defend as set forth by La. R.S. 22:2068; or (3) use its inherent authority to stay proceedings for judicial economy and allow LIGA time to determine its obligations in this matter.[38] As this Court recently observed in a similar case,[39] Fifth Circuit precedent holds that "insolvent insurers are subject to the comprehensive oversight of state

---

[33] *Id.* at 254–55.

[34] *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982).

[35] *See Begum v. Miner*, 213 F.3d 639, at *1 n.1 (2000) (unpublished) (citing *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 737 n.1 (5th Cir.1999)) ("We have held that the district court may *sua sponte* stay a suit as a form of abstention.").

[36] Rec. Doc. 109.

[37] Rec. Doc. 115.

[38] Rec. Doc. 109-2. La. Rev. Stat. 22:2068(A) provides: "All proceedings in which the insolvent insurer is a party or is obligated to defend a party in any court in this state shall be stayed for six months and such additional time as may be determined by the court from the date the insolvency is determined to permit proper defense by the association of all pending causes of action."

[39] *Gooding*, 2021 WL 2002463, at *1.

administrative agencies and courts" and "[f]ederal law consigns to the states the primary responsibility for regulating the insurance industry."[40] Accordingly, the Fifth Circuit, in *Clark v. Fitzgibbons*, held that "allowing a creditor or claimant to proceed against an insolvent insurer in federal court while a state insolvency proceeding is pending would usurp [the state's] control over the liquidation proceeding by allowing [the claimant] to preempt others in the distribution of [the insurance company's] assets."[41] The Fifth Circuit, relying on the Full Faith and Credit Clause of the United States Constitution, explained that "a federal court judgment against [an Arizona insolvent insurer] inevitably would destabilize Arizona's efforts to manage [the] insolvency."[42]

Similarly, in *Anshutz v. J. Ray McDermott Co.*, an insurer was placed under a "Final Order of Liquidation" by the Circuit Court of Cook County, Illinois while an appeal against it was pending in federal court.[43] The Fifth Circuit stayed the appeal, holding that "[a]n orderly liquidation requires that this Court not interfere with the order of the Circuit Court of Cook County" and explaining that "[r]ecognition by this Court of the effectuation of the liquidation of this insurance company by the State of Illinois is in accordance with federal policy which directs that the control over the insurance business remain in the hands of the states."[44] Accordingly, in light of Fifth Circuit precedent admonishing courts to avoid interfering with state administrative processes involving insolvent insurers and the Court's broad discretion to stay proceedings, the

---

[40] *Clark v. Fitzgibbons*, 105 F.3d 1049, 1051 (5th Cir. 1997) (citing the McCarran–Ferguson Act).

[41] *Id.* (internal citation and quotation omitted).

[42] *Id.* at 1053.

[43] *Anshutz v. J. Ray McDermott Co.*, 642 F.2d 94, 95 (5th Cir. 1981).

[44] *Id.*

Court will stay the claims pending against Lamorak.[45]

The Court will also exercise its inherent authority to stay this matter as to all other defendants. There is no question that a district court has inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants,"[46] and that this authority includes the district court's wide discretion to grant a stay in a pending matter.[47] When "the interests of justice seem[] to require such action," a court may exercise its discretion to stay civil proceedings.[48] In determining whether to grant a stay, courts consider the following factors as set out in *Landis v. North American Co.*: (1) any hardship imposed on the moving party by proceeding with the action, (2) any prejudice to the non-moving party if the stay is granted, and (3) the interests of judicial economy."[49] Applying the *Landis* factors here, the Court finds a stay is warranted.

Under the first factor, as noted above, because Lamorak, the moving party, was declared insolvent in liquidation proceedings, "a stay is required so as not to interfere with its orderly liquidation."[50] Moreover, Lamorak is obliged to defend the Eagle, Inc., and McCarty Corporation.

---

[45] *See Cortez*, 2021 WL 2018073, at *4 (staying an action in which Lamorak is a defendant in light of the Commonwealth Court of Pennsylvania's Liquidation Order and finding that "a stay is required so as not to interfere with [Lamorak's] orderly liquidation"); *Olin Corp. v. Lamorak Ins. Co.*, No. 84-1968, 2021 WL 982426 (S.D.N.Y. Mar. 15, 2021) (staying an action in which Lamorak is a defendant in light of the Commonwealth Court of Pennsylvania's Liquidation Order in part under the "principles of comity").

[46] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

[47] *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990).

[48] *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970); *see also Mayo v. Tri-Bell Indus.*, 787 F.2d 1007, 1012 (5th Cir. 1986).

[49] *Cortez*, 2021 WL 2018073, at *4 (quoting *Maples v. Donzinger*, No. 13-223, 2014 WL 688965, at *2 (E.D. La. Feb. 21, 2014)) (internal quotation marks omitted).

[50] *Id.*

Staying claims against Lamorak but proceeding against Lamorak's insureds would be highly prejudicial to such insured parties. Furthermore, "absent a stay, LIGA would not have sufficient time to investigate the claims against Lamorak, now that LIGA stands in Lamorak's shoes as to those claims."[51] Given that the Court should "take into account the hardships these litigants and LIGA would experience were litigation to proceed before LIGA had the opportunity to prepare a defense" in weighing a stay,[52] the Court finds that the first *Landis* factor favors a stay.

Plaintiff does not oppose this motion or point to any prejudice that may way against a stay under the second *Landis* factor. The third *Landis* factor also weighs in favor of granting a stay. Proceeding with this case against parties other than Lamorak would frustrate judicial economy. Plaintiff's claims against the non-Lamorak parties in this action all arise from the same transaction or occurrence, namely Plaintiff's alleged asbestos exposure through his father and while working for Pharos. Consequently, all claims involve common questions of fact and law. A stay against only Lamorak would result in litigation "proceed[ing] in a haphazard and inefficient manner."[53] Accordingly, considering the three *Landis* factors, the Court finds that a stay against all parties is necessary.

## V. Conclusion

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the "Motion to Enforce Stay and Notice of Liquidation

---

[51] *Id.*

[52] *Id.*

[53] *Id.*

and Statutory Stay"[54] filed by Defendant Lamorak Insurance Company is **GRANTED.**

> **IT IS FURTHER ORDERED** that the above-captioned action is **STAYED AND ADMINISTRATIVELY CLOSED**.

> **IT IS FURTHER ORDERED** that a status conference is set for September 28, 2021 at 3:00 PM.

> **NEW ORLEANS, LOUISIANA**, this ___19th___day of July, 2021.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[54] Rec. Doc. 109.