UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HENRY NUNCIO FALCONE, ET AL. | CIVIL ACTION |
| VERSUS | NO. 21-233 |
| ANCO INSULATIONS, INC., ET AL. | SECTION: "J"(5) |

### ORDER & REASONS

Before the Court a *Motion for Summary Judgment* **(Rec. Doc. 361)** filed by Defendant/Cross-Defendant, Pharos Marine Automatic Power, Inc f/k/a Automatic Power, Inc. ("Texas Automatic Power"). This motion is opposed by Defendant/Cross-Claimant, Huntington Ingalls Incorporated ("Avondale"). (Rec. Doc. 368). Having considered the motion and memoranda, the record, and the applicable law, the Court finds that the *Motion for Summary Judgment* **(Rec. Doc. 361)** shall be **DENIED**.

### FACTS AND PROCEDURAL BACKGROUND

The instant litigation arises out of multiple asbestos exposures, which are allegedly the cause of Plaintiff, Henry N. Falcone's ("Plaintiff") (collectively with Kathleen B. Falcone and Anton Falcone, "Plaintiffs"), mesothelioma. Plaintiff filed suit on November 25, 2020, naming Avondale, Texas Automatic Power, and others as Defendants. (Rec. Doc. 1-2). Subsequently, Avondale filed a crossclaim against Texas Automatic Power on April 6, 2021. (Rec. Doc. 79).

Pertinent to the current matter, Plaintiff allegedly "work[ed] for Automatic Power (Defendant, Pharos Marine Automatic Power, Inc.) . . . for approximately 40 years. During this period of employment, Plaintiff had substantial exposure to asbestos and asbestos-containing products." (Rec. Doc. 1-2, at 5, 7). However, Texas Automatic Power claims that Plaintiff was never its employee, but rather, Plaintiff was employed by Automatic Power,

1

Inc., a Delaware corporation ("Delaware Automatic Power"). Although both entities share a name and a parent company, Pronav, Inc., Texas Automatic Power contends that it is an entirely separate and distinct entity from Delaware Automatic Power.

The facts are confusing to say the least. In Texas Automatic Power's motion (Rec. Doc. 361-2) and David Pilgrim's declaration (Rec. Doc. 361-4), which Texas Automatic Power's argument predominantly relies on, both filings refer to "Automatic Power" in general multiple times, without specifying whether they are referencing the Texas or Delaware corporation, which muddies the Court's ability to decipher the facts.

Taken with this grain of salt, the following summary relays the known facts. Texas Automatic Power is distinct from Delaware Automatic Power shown by the facts that they have different employer identification numbers and tax identification numbers. (Rec. Doc. 361-2, at 7-8). Texas Automatic Power is a relatively new company that only came into existence in 2001. (Rec. Doc. 361-4, at 2). Indeed, Texas Automatic Power was originally incorporated as Coastal Product, Inc., but on September 4, 2001, the entity changed its name to its current moniker Automatic Power, Inc. (*Id.*).

In the early 2000s, the two companies became related, because they share a parent company -- Pronav, Inc. (*Id.*, at 1). On August 10, 2001, Delaware Automatic Power and Pronav, Inc. entered into a stock and asset purchase agreement ("2001 Agreement"), pursuant to which Delaware Automatic Power sold basically all of its assets and liabilities to Pronav, Inc. (*Id.*). On April 1, 2003, Texas Automatic Power and Pronav, Inc. entered into an agreement ("2003 Agreement"), whereby ownership of Texas Automatic Power was transferred to Pronav, Inc. (*Id.* at 2). On that same day, the Delaware Automatic Power was reorganized, and all assets of Delaware Automatic Power were transferred to Texas Automatic Power. (*Id.*). Notably, the liabilities of Delaware Automatic Power were not expressly transferred. (*Id.*).

## **LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56); *see Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party,

3

who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for trial. *See id.* at 325; *Little*, 37 F.3d at 1075.

## **DISCUSSION**

Texas Automatic Power now moves to dismiss all claims asserted by Plaintiffs and by Avondale against it, on the grounds that Texas Automatic Power was not Plaintiff's employer, nor did it acquire Delaware Automatic Power's liabilities in its reorganization. Further, Texas Automatic Power contends that acquiring corporations are not responsible or liable for any liabilities of the selling corporation unless expressly assumed under Texas law. *See* Tex. Bus. Corp. Act Ann. art. 5.10(B)(2) (West 2005).

Although Plaintiffs failed to oppose the motion, Cross-Claimant, Avondale, responds that there are genuine issues of material fact. Specifically, Avondale contends that the transfer of relevant liabilities between the different entities is less than clear. Moreover, Avondale discourages the Court from assuming Texas law applies. At the very least, Avondale argues that the motion should be denied as premature, because Avondale needs additional time to evaluate the application of foreign law to this matter and to conduct corporate depositions, which may clarify the issue of transfer of liabilities.

The Court agrees with Avondale that there are genuine issues of material fact and parties would benefit from more time to conduct discovery on these issues. First, as the default rule, courts sitting in federal question jurisdiction generally apply the law of the forum state when exercising supplemental jurisdiction over state law claims, so the Court cannot simply assume that Texas law applies without argument. *David v. Signal Int'l, LLC*, 2011 U.S. Dist. LEXIS 158681, at *170-71 n. 25 (E.D. La. Aug. 13, 2014) (citing *Erie Railroad Co. v. Tompkins*, 302 U.S. 64 (1938)). Second, based on the briefing, the facts in this case are convoluted and unclear with regard to the Agreements, Delaware Automatic Power's

reorganization, and the relationships between Pronav, Inc. and the respective Automatic Powers. Thus, the Court agrees that further discovery, including corporate depositions, specific to the transfer of liabilities would be beneficial before deciding this matter.

For these reasons, summary judgment is inappropriate and must be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Texas Automatic Power's *Motion for Summary Judgment* **(Rec. Doc. 361)** is **DENIED as premature.**

**IT IS FURTHER ORDERED** that Avondale's motion to continue the submission date **(Rec. Doc. 366)** and motion to expedite consideration of the motion to continue **(Rec. Doc. 367)** are **DENIED as moot.**

New Orleans, Louisiana, this 2nd day of August, 2022.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE